RKO-KEITH-ORPHEUM THEATRES, INC., et al., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Queens County, July 22, 1954.

*O'Brien, Driscoll & Raftery* for RKO-Keith-Orpheum Theatres, Inc., plaintiff.

*Leopold Friedman* for Willard Amusement Corporation, plaintiff.

*Hovell, Clarkson & Klupt* for Queens Park Operating Corporation, plaintiff.

*Weisman, Celler, Allan, Spett & Sheinberg* for Bilpam Corp., plaintiff.

*Adrian P. Burke, Corporation Counsel (Stanley Buchsbaum* of counsel), for defendants.

PETTE, J. ·Motion by the plaintiffs for a temporary injunction restraining the City of New York from enforcing the City Amusement Tax enacted by Local Law No. 37 of 1954, on the ground that it is invalid, illegal and unconstitutional.

The various arguments urged by the plaintiffs have been given consideration by the court. Only one of them, however, will be discussed here, and that is, that the tax, as levied, exceeds the authority granted to the city by the enabling act.

It is elementary that municipalities have no inherent power to levy taxes and can impose only such taxes as are authorized by the State Legislature. The enabling act under which the present City Amusement Tax has been levied was enacted as chapter 278 of the Laws of 1947. Said law provides that taxes " not in excess of five per cent on admissions " may be levied by local law. New York City Local Law No. 37 of 1954 (Administrative Code, § G46–1.0 *et seq.*), imposes a 5% tax upon admission charges to places of amusement with certain exceptions not here pertinent. Subdivision d of section G46–2.0 provides as follows : " d. Where the tax to be paid by a patron includes a fraction of one cent, the fraction shall not be paid where it is less than one-half cent and a full cent shall be paid when the fraction is one-half cent or more." .Thus the tax on an eleven-cent admission charge, computed at 5%, is slightly more than one-half cent. The city, therefore, requires a tax of one cent upon such an admission charge. A. one-cent tax on an eleven-cent admission charge is slightly more than 9% and is thus in excess of the 5% tax authorized by the enabling act.

The city attempts to justify its procedure with respect to fractions of a penny on the ground that it is the common practice and usage in business and banking, in commerce, industry, and

accounting. Plaintiffs concede that this practice is commonly accepted in business generally where there is no statutory prohibition against it. Here, however, the enabling act under which the city has enacted this tax specifically prohibits a tax in excess of 5%. To the extent that this system respecting fractions exceeds the authority granted by the enabling act, it is illegal.

Plaintiffs have submitted statistics showing the plight of the movie industry generally in the United States since the impact of free television. In New York State alone more than 24% of the theatres operating in 1948, have now been closed. The Federal Government has recognized the economic straits in which theatres and cinema houses are now placed and has reduced the Federal Admission Tax from 20% to 10%. These arguments, which bear on the wisdom of the legislation rather than upon its legality, are nevertheless important considerations for requiring the city to adhere rigidly to the authority under which it may levy the tax.

In view of these circumstances that portion of the law respecting fractions of a cent, whereby a tax in excess of 5% is levied on certain admission charges, must be declared illegal.

The local law contains a separability provision (Administrative Code, § G46–22.0) which provides that if any part of the law is held invalid, the remainder shall not be affected thereby. Under these circumstances a temporary injunction will be allowed herein restraining the defendants from collecting fractional parts of a cent to the extent that such collection imposes a tax in excess of 5%.

The order hereon shall be settled on notice at which time the court will entertain suggestions from both parties as to the amount of the bond to be posted by the plaintiffs. The order may also contain a provision setting this case down for trial on September 13, 1954, subject to the approval of the justice presiding.